FILED
United States Court of Appeals
Tenth Circuit

January 7, 2011

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

Elisabeth A. Shumaker
Clerk of Court

---

In re:

JOHNNY SCOTT WARREN,

Movant.

No. 10-1561

07cr354-CMA

---

ORDER

---

Before **LUCERO**, **O'BRIEN** and **GORSUCH**, Circuit Judges.

---

Johnny Scott Warren, a federal prisoner appearing pro se, has moved for authorization to file a second or successive 28 U.S.C. § 2255 motion challenging his conviction. Before a federal prisoner may file a second or successive motion under § 2255, he must first obtain an order from the court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). We deny authorization.

Mr. Warren was convicted in 2008 of being a felon in possession of a firearm and possessing with intent to distribute a substance containing cocaine base. He was sentenced to 240 months' imprisonment. He challenged his conviction on direct appeal, claiming that the warrantless search of his home by police officers accompanied by parole officers violated his constitutional Fourth Amendment rights. This court affirmed his conviction, upholding the search

"as a special-needs parole search because the participating police officer acted under the direction of a parole officer." *United States v. Warren*, 566 F.3d 1211, 1213 (10th Cir.), *cert. denied*, 130 S. Ct. 569 (Nov. 9, 2009). Mr. Warren filed his first § 2255 motion in May 2010, claiming that the district court had lacked jurisdiction over his criminal case because there was no indictment or waiver of indictment and that he received ineffective assistance of counsel because his attorney failed to investigate or challenge the court's jurisdiction. The district court denied the § 2255 motion, and this court denied him a certificate of appealability. *United States v. Warren*, No. 10-1269, 2010 WL 3310588 (10th Cir. Aug. 24, 2010) (unpublished order).

To obtain authorization to file a second or successive § 2255 motion, a federal prisoner must demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," § 2255(h)(1), or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2).

In his motion for authorization, Mr. Warren again seeks to challenge the constitutionality of the search of his home. He claims the district court at trial and this court on appeal misapplied or misinterpreted certain cases in upholding

the search. He argues that he satisfies the authorization requirements of § 2255 because he did not previously have access to state case law and constitutional law cases at his prison law library. Mr. Warren's proposed claim is not, however, based on any new evidence or new retroactively applicable constitutional law. Further, the discovery of cases and law that existed at the time of his direct appeal does not constitute either new evidence or new law.

Because Mr. Warren's proposed claim does not meet the requirements for authorization under § 2255(h), his motion for authorization is DENIED. This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk