**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 07-cr-00354-CMA

UNITED STATES OF AMERICA,

v.

JOHNNY SCOTT WARREN,

     Defendant.

---

## ORDER DENYING MOTION

---

     This matter is before the Court on Defendant's "Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742(A)(1)," ECF No. 143, filed *pro se* on January 10, 2012. The Court must construe the motion liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion is DENIED.

     Defendant was convicted of one count of felon in possession of a firearm and one count of possession with intent to distribute a controlled substance and he was sentenced to 240 months in prison. On direct appeal, the United States Court of Appeals for the Tenth Circuit rejected Defendant's Fourth Amendment claim challenging the warrantless search of his residence by police officers accompanied by parole officers and affirmed the judgment of conviction. *See United States v. Warren*, 566 F.3d

1211 (10th Cir.), *cert. denied*, 130 S. Ct. 569 (2009).  The Tenth Circuit specifically "uph[e]ld the search as a special-needs parole search because the participating police officer acted under the direction of a parole officer."  *Warren*, 566 F.3d at 1213.

In May 2010, Defendant filed a 28 U.S.C. § 2255 motion, ECF No. 124, claiming that the Court lacked jurisdiction over his criminal case because there was no indictment or waiver of the indictment and that counsel was ineffective for failing to investigate and challenge the Court's lack of jurisdiction in the absence of an indictment or waiver of an indictment.  The Court denied the § 2255 motion because Defendant's claims lacked merit.  ECF No. 128.  Defendant appealed the denial.  The Tenth Circuit subsequently denied Defendant's application for a certificate of appealability and dismissed the appeal.  *See United States v. Warren*, 393 F. App'x 567 (10th Cir. 2010).

Defendant then filed a motion for permission to file a second or successive § 2255 motion in the Tenth Circuit again seeking to challenge the search of his residence on Fourth Amendment grounds.  On January 7, 2011, the Tenth Circuit denied the motion for authorization to file a second or successive § 2255 motion.  *See* ECF No. 138.

Subsequently, on June 20, 2011, Defendant filed a motion pursuant to Fed. R. Civ. P. 60(d)(3), ECF No. 139, and again challenged the search of his residence.  The Court denied the motion because Defendant did not state a claim of fraud on the Court as required under Rule 60(d)(3).  *See* ECF No. 140.

In the instant motion at issue, Defendant again is challenging the search of his

residence. Section 3742(a)(1) states "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed in violation of law." The statute, however, does not grant jurisdiction to a district court to review a final sentence. *See United States v. Burridge*, 2005 WL 591190, at *1 (10th Cir. Mar. 15, 2005) (citing *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993). This statute, therefore, is of no avail to Defendant. Accordingly, it is

ORDERED that the "Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742(a)(1)," ECF No. 143, filed January 10, 2012, is DENIED. It is

FURTHER ORDERED that the Application to Proceed *In Forma Pauperis*, ECF No. 142, is DENIED AS MOOT.

DATED: May  31 , 2012

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge