**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 07-cr-00354-CMA
Civil Action No. 10-cv-01231-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHNNY SCOTT WARREN,

    Defendant.

---

**AMENDED ORDER DENYING MOTION TO MODIFY SENTENCE
UNDER 18 U.S.C. § 3582(C)(2) AND MOTION FOR RELIEF FROM
A VOID JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)(4)**

---

This matter is before the Court on Defendant's motions for modification of his sentence under 18 U.S.C. § 3582(c)(2) (Doc. # 159) and for relief from a void judgment under Federal Rule of Civil Procedure 60(b)(4) (Doc. # 163).  For the following reasons, the Court dismisses both motions for lack of subject matter jurisdiction.

### I. BACKGROUND

On December 20, 2007, Johnny Scott Warren was convicted of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  (Doc. # 83 at 1-2.)  Specifically, Mr. Warren was convicted for possessing 50.7469 grams of crack cocaine.  (Doc. # 86 at 3.)

During his 2008 sentencing, the district court found that the § 4B1.1 Career Offender provision of the United States Sentencing Manual ("U.S.S.G." or "Guidelines")

applied to Mr. Warren (Doc. # 108 at 2), which meant he automatically received a criminal history category of VI.  See U.S.S.G. § 4B1.1(b).  The Guidelines also dictate that any career offender convicted of an offense carrying a statutory maximum of life in prison receive an offense level of 37.  See id.  At the time of Mr. Warren's sentencing, the statutory maximum sentence for § 841(a)(1) convictions based on 50 or more grams of crack cocaine was life imprisonment.  See 18 U.S.C. § 841(b)(1)(A)(iii) (2006).  Thus, Mr. Warren received an offense level of 37.  (Doc. # 108 at 4.)  By combining that offense level with his criminal history category of VI, the sentencing court concluded that Mr. Warren's Guidelines range was 360 months to life.  (Doc. # 108 at 31-32.)  Nonetheless, the Court varied downward from the Guideline range, sentencing Mr. Warren to 240 months' imprisonment.  (Doc. # 108 at 32-35.)

Mr. Warren's conviction was affirmed on appeal, see United States v. Warren, 566 F.3d 1211 (10th Cir. 2009), cert. denied, 558 U.S. 1018 (2009), and on collateral review, see United States v. Warren, 393 F. App'x 567 (10th Cir. 2010).  Mr. Warren has nevertheless continued to advance additional challenges to his conviction and sentence, all of which have been denied by this Court, by the Tenth Circuit, or by both courts.  (Doc. ## 139, 143, 146.)  See also United States v. Warren, 2012 WL 1975655 (D. Colo. May 31, 2012), appeal dismissed (Aug. 2, 2012) (providing the full procedural history).

On September 27, 2012, Mr. Warren filed the instant Motion To Modify Sentence under 18 U.S.C. § 3582(c)(2) (Doc. # 159), and on June 10, 2013, he filed the instant

Motion for Void Judgment under Rule 60(b)(4) (Doc. # 163).  This Court addresses each motion in turn.[1]

### III.  DISCUSSION

**A.     MOTION FOR SENTENCE MODIFICATION**

Normally, federal courts lack jurisdiction to "modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  However, § 3582(c)(2) permits the Court to reduce a prisoner's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Before reducing a sentence, the Court must "consider[] the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable."  Additionally, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), which state that a prisoner's sentence may only be reduced if the amendment would have "the effect of lowering the . . . applicable guideline range."  U.S.S.G. § 1B1.10(a)(1) (2011).

In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, to remedy the sentencing disparity between offenses involving crack cocaine and those involving powder cocaine.  Specifically, Congress amended Title 21 of the United States Code, increasing the amount of cocaine base necessary to trigger the life-sentence statutory maximum from 50 grams to 280 grams.  The FSA also mandated that the Sentencing Commission amend the sentencing guidelines to reflect

---

[1]  Mr. Warren filed these motions *pro se*, and therefore the Court construes his pleadings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Still, Mr. Warren bears the burden of alleging sufficient facts to entitle him to relief on a recognized legal claim.  *Id.*

this change, and in response the Commission amended § 2D1.1, the provision in the Guidelines covering crack cocaine offenses. These amendments are retroactive. *See United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013).

Of the FSA's two changes, only the "retroactively applicable amendment[s] to the Guidelines" permit this Court to modify a sentence under § 3582(c)(2). *United States v. Battle*, 706 F.3d 1313, 1317 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010)). In contrast, as the Tenth Circuit held in *United States v. Hodge*, 721 F.3d 1279 (10th Cir. 2013), this Court must still apply "the statutory penalties in effect at the time of the original sentencing," which includes the penalties used to calculate sentences for career offenders. *Id.* at 1281 (citation omitted).

*Hodge* controls the outcome of this case. As is clear from the record, Mr. Warren was sentenced as a "career offender" under § 4B1.1, rather than under § 2D1.1, the retroactively amended provision. Therefore, "although [Mr. Warren's] underlying conviction is related to crack cocaine, he was sentenced under the career offender guideline," and thus the FSA Guideline amendments "affected none of his sentencing calculations." *Hodge*, 721 F.3d at 1281. Consequently, then, the FSA amendments do not provide a basis for this Court to modify Mr. Warren's sentence.[2]

---

[2] To be sure, Mr. Warren correctly notes that his 240-month sentence is within the § 2D1.1 Guideline range for offenses involving 50 or more grams of crack cocaine. Mr. Warren also correctly notes that if he had been sentenced pursuant to § 2D1.1, the amendment enacted by the FSA would apply retroactively to him. But it is clear from the record that the district court arrived at this sentence by applying the career offender Guideline and then applying a downward variance, not by applying § 2D1.1 in the first instance.

**B.     MOTION FOR RELIEF FROM VOID JUDGMENT**

Mr. Warren also seeks relief under Rule 60(b)(4) from his conviction for violating 21 U.S.C. § 841.  (Doc. # 163 at 1.)  This Court, however, has no jurisdiction to consider such a claim.

When assessing a prisoner's Rule 60(b) motion filed after an unsuccessful § 2255 petition, this Court must determine whether the motion "is a true Rule 60(b) motion or a second or successive [§ 2255] petition."  *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).  It is a "true" Rule 60(b) motion if it "seeks to correct an error in the previously conducted § 2255 proceeding itself."  *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (quotation marks, brackets, and citation omitted).  In contrast, a motion is considered a second or successive petition if it "asserts or reasserts claims of error in the prisoner's conviction," even if the petitioner characterizes it as a motion raised under Rule 60(b).  *Id.* (citation omitted).

A habeas petitioner must obtain authorization from the Court of Appeals before filing a second or successive habeas.  *See* 28 U.S.C. § 2255(h); *see also Baker*, 718 F.3d at 1206.  Further, "petitioners cannot circumvent the statutory certification requirements . . . by filing pleadings that are labeled as motions under Rule 60(b), but are habeas corpus petitions in substance."  *Baker*, 718 F.3d at 1208 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)).

Mr. Warren's Rule 60(b) Motion is in fact a second or successive habeas petition.  He claims that evidence used to convict him was gathered during a search that was unauthorized under Colorado law.  (Doc. # 163 at 5.)  That argument merely reasserts claims of error from his criminal conviction.  Thus, because Mr. Warren failed to obtain

5

authorization from the Tenth Circuit, the Court lacks subject matter jurisdiction to consider this Motion.  See *Baker*, 718 F.3d at 1206.

## IV. **CONCLUSION**

For the foregoing reasons, it is ORDERED that Mr. Warren's Motion to Modify Sentence (Doc. # 159) is DENIED.  It is FURTHER ORDERED that Mr. Warren's Motion for Void Judgment (Doc. # 163) is DENIED.   It is

FURTHER ORDERED that this case is hereby DISMISSED in its entirety.  It is

FURTHER ORDERED that leave for Defendant Warren to proceed *in forma pauperis* on appeal is DENIED.

DATED:  November __01__, 2013

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge