IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 07-cr-00354-CMA

UNITED STATES OF AMERICA,

 Plaintiff,

v.

JOHNNY SCOTT WARREN,

 Defendant.

---

**ORDER DENYING MOTION FOR REDUCED SENTENCE
PURSUANT TO THE FIRST STEP ACT**

---

This matter is before the Court on Defendant Johnny Scott Warren's Motion for Reduced Sentence Pursuant to the First Step Act or 18 U.S.C. § 3582(c)(2). (Doc. # 208.) The Government filed a Response (Doc. # 212) to the Motion on September 11, 2019, and Defendant filed a Reply (Doc. # 212) on September 25, 2019. Based on the following reasons, Defendant's Motion is Denied.

## I.  BACKGROUND

On August 22, 2007, Defendant was charged by indictment with possession of a firearm by a prohibited person as well as possession with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base (crack cocaine). (Doc. # 1.) After a four-day trial, a jury returned a guilty verdict on both

counts. (Doc. # 83.) Chief Judge Edward Nottingham presided over the trial and subsequent proceedings.

On May 15, 2008, Judge Nottingham held a sentencing hearing. Prior to imposing a sentence, the Court explained the sentencing range applicable to the offences at issue pursuant to the United States Sentencing Guidelines ("Guidelines"). Specifically, the Court indicated:

> Because of the Chapter 4 enhancements and the fact that [Defendant] is a career offender, he starts out with a Base Offense Level of 37. And his Total Offense Level is 37. The Criminal History Category assigned to a career offender is Category VI, but the Court notes that [Defendant] falls in Criminal History Category VI regardless of the fact that he is a career offender. The imprisonment range is **360 months** to life on the drug count. The statutory limitation on the gun count is 120 months.

(Doc. # 108 at 25–26) (emphasis added).

Notably, the Court imposed a sentence of **240 months** on the drug possession count, which is substantially below the Guideline range. (Doc. # 94 at 2.) That term was to be served concurrently with a term of 120 months on the gun count. (*Id.*) By way of explanation, the Court noted that "the amount of crack cocaine involved was just over 50 grams." (Doc. # 108 at 26.) The Court further noted that:

> The sentence that is at the bottom of the guidelines [360 months] and which the Government advocates is a sentence which completely obliterates hope for a 30-year-old man. It might be different if he didn't have family support. But one of the things that makes this case unusual is the astonishing family support that he has, particularly from his wife. . . . So . . . the Court's going to formulate a sentence here that doesn't obliterate and dash whatever hope this man has.
>
> And it's going to be a serious sentence. His criminal history category, his past conduct, his past membership in gangs all call for a very severe sentence in this case, and there is nothing I can do about that. And

> to pretend that that doesn't exist and that he hasn't gotten breaks before is simply to fly in the face of reality.
>
> The Court feels that the most it can do in this case is impose a sentence of 240 months. And by "the most," I mean, **that's the least amount of time that I think I can conscientiously impose**.

(*Id*. at 28–29) (emphasis added). In the instant Motion, Defendant argues that his sentence should be reduced pursuant to the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5194.

## II.　　LEGAL STANDARD

The First Step Act of 2018 "made retroactive the crack cocaine minimums in the Fair Sentencing Act." *United States v. Rose*, 379 F. Supp. 3d 223, 227 (S.D.N.Y. 2019). Specifically, section 404 of the First Step Act permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act of 2018, 115 Pub. L. 391 § 404, 132 Stat. 5194, 5222 (2018); *United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." First Step Act § 404(a).

However, "[a]lthough a defendant may be **eligible** for First Step Act relief, whether that relief **is warranted** is a separate inquiry." *See, e.g.*, *United States v. Lewis*, No. CR 08-0057 JB, 2019 WL 2192508, at *19 (D.N.M. May 21, 2019) (emphasis added). Section 404(c) of the First Step Act provides that "[n]othing in this section shall

be construed to require a court to reduce any sentence pursuant to this section." What the Court "may appropriately consider in deciding whether to impose a reduced sentence is an open question that courts have answered differently." *Rose*, 379 F. Supp. 3d at 231.

"Some courts have considered post-sentencing rehabilitation, whereas others have not—most do not engage in significant analysis of the propriety of either approach." *Id*. (collecting cases). This Court joins with courts that have concluded that the "text of the First Step Act, read in conjunction with other sentencing statutes, requires the Court to consider all relevant facts, including developments since the original sentence." *Id*. at 233. This inquiry involves:

> The application of § 3553(a) factors to [the] current facts [which is] more manageable than the alternative, which would require the current sentencing court to reconstruct the original record and to imagine what the original judge would have done had he or she not been bound by the then-applicable mandatory minimum sentence.

*Id*. at 235.

### III.   DISCUSSION

Defendant was sentenced before August 3, 2010, and retroactive application of the Fair Sentencing Act changes the statutory penalties involved in this case. (Doc. # 212 at 5; Doc. # 213 at 1.) Therefore, Defendant is eligible for relief under the First Step Act. At issue is whether a reduced sentence is warranted. The Court answers the foregoing question in the negative.

It is undisputed that application of the First Step Act in this case results in a Guideline range of 262—327 months rather than the original range of 360 months to

4

life. (Doc. # 208 at 6; Doc. # 212 at 5.) Thus, Defendant's sentence of 240 months is almost two years less than the bottom of the revised Guideline range.

Having reviewed the record, the 18 U.S.C. § 3553(a) factors, and Defendant's post-offense conduct, this Court determines that a sentence reduction is not warranted. The Court commends Defendant for engaging in a myriad of education courses and wellness programs during his time in prison. (Doc. # 208-1 at 2–3.) The Court also notes that Judge Nottingham accurately highlighted Defendant's "astonishing family support." That support has continued throughout Defendant's sentence, as evidenced by Defendant's "good rapport with . . . [his] family" (*id*. at 3), and the thoughtful letters that his cousin, his mother, his sister, and his minister submitted in support of the instant Motion (Doc. # 209; Doc. # 213-3).

Nevertheless, the record does not support the variance from the revised Guideline range that Defendant requests. Specifically, Defendant "asks this Court to exercise its discretion and impose a sentence that accounts for the original variance, and impose a 1/3 downward variance from his new, amended guideline range." (Doc. # 208 at 6.) However, a 1/3 downward variance is not warranted merely because Judge Nottingham departed from the Guidelines by that amount when he initially imposed Defendant's sentence. Rather, the present facts show that a sentence of 240 months—which is a substantial downward variance from the bottom of the revised Guideline range—is sufficient but not greater than necessary to accomplish the goals of sentencing. Therefore, the Court will not impose a sentence that constitutes a greater departure from the bottom of the revised Guideline range.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion for Reduced Sentence Pursuant to the First Step Act or 18 U.S.C. § 3582(c)(2) (Doc. # 208) is DENIED.

DATED: November 7, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge