# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Criminal Action No. 07-cr-00354-CMA
Civil Action No. 20-cv-00378-CMA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

JOHNNY SCOTT WARREN,

    Defendant-Movant.

## ORDER

This matter is before the Court on Defendant Johnny Scott Warren's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 215). Based on the following reasons, the Court dismisses Defendant's Motion for lack of jurisdiction.

## I.    BACKGROUND

On August 22, 2007, Defendant was charged by indictment with possession of a firearm by a prohibited person as well as possession with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base (crack cocaine). (Doc. # 1.) After a four-day trial, a jury returned a guilty verdict on both counts. (Doc. # 83.) Defendant was sentenced to 240 months in prison. (Doc. # 94.)

On direct appeal, Defendant argued that the warrantless search of his residence violated the Fourth Amendment. (Doc. # 117.) The Tenth Circuit "uph[e]ld the search as a special-needs parole search because the participating police officer acted under

the direction of a parole officer" and affirmed Defendant's conviction and sentence. (*Id.*) The United States Supreme Court denied his petition for a writ of certiorari. (Doc. # 120.)

On May 27, 2010, Defendant filed a motion to vacate under 28 U.S.C. § 2255 claiming that the Court lacked jurisdiction over his criminal case because there was no indictment or waiver of the indictment and that counsel was ineffective for failing to investigate and challenge the Court's lack of jurisdiction in the absence of an indictment or waiver of an indictment. (Doc. # 124.) The Court denied Defendant's § 2255 motion because both claims lacked merit. (Doc. # 128.) Defendant appealed, and the Tenth Circuit denied a certificate of appealability and dismissed the appeal. (Doc. # 134.)

Defendant subsequently requested permission from the Tenth Circuit to file a second or successive habeas petition under 28 U.S.C. § 2255. (Doc. # 136.) In his motion for authorization, Defendant again sought to challenge the constitutionality of the search of his home. (*See* Doc. # 138.) On January 7, 2011, the Tenth Circuit denied the motion for authorization finding that Defendant's proposed claim did not meet the requirements for authorization under § 2255(h). (*Id.*).

On June 20, 2011, Defendant filed a motion pursuant to Fed. R. Civ. P. 60(d)(3) again challenging the search of his residence. (Doc. # 139.) The Court denied the motion because Defendant did not state a claim of fraud on the Court as required under Rule 60(d)(3). (Doc. # 140.)

On January 10, 2012, Defendant filed a motion for review of his sentence pursuant to 18 U.S.C. § 3742(a)(1) again challenging the search of his residence. (Doc.

# 143.) The Court denied the motion because the statutory authority on which Defendant relied did not grant jurisdiction to a district court to review a final sentence. (Doc. # 145.) Defendant appealed and that appeal was dismissed as untimely. (Doc. # 158.)

Defendant next filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 159) and a motion for relief from a void judgment pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. # 163). The Court dismissed both motions for lack of subject matter jurisdiction and specifically determined that the Rule 60(b)(4) motion, in which Defendant claimed the evidence used to convict him was gathered during a search that was unauthorized under Colorado law, was an unauthorized second or successive § 2255 motion. (Doc. # 165.)

On April 9, 2014, Defendant filed another motion for relief from a void judgment pursuant to Fed. R. Civ. P. 60(b)(4). (Doc. #166.) The Court again determined that this motion also was an unauthorized second or successive § 2255 motion and denied the motion. (*See* Doc. # 169.)

On December 1, 2014, Defendant filed another motion to vacate under 28 U.S.C. § 2255 again raising a Fourth Amendment claim based on a state supreme court decision, *State v. Kern*, 831 N.W.2d 149 (Iowa 2013), and the Tenth Circuit's decision in *United States v. Mabry*, 728 F.3d 1163 (10th Cir. 2013). (*See* Doc. # 173.) On December 5, 2014, the Court determined that the § 2255 motion was a second or successive § 2255 motion and dismissed the motion for lack of jurisdiction. (Doc. # 174.)

Defendant continued his attempts to challenge the legality of the search of his residence by moving for authorization to file a second or successive motion under § 2255, which was denied by the Tenth Circuit on January 20, 2015. (Doc. # 179).

On December 5, 2014, Defendant filed another motion to vacate under 28 U.S.C. § 2255 asserting that his sentence was illegal. (Doc. # 176). The Court determined that this § 2255 motion also was a second or successive motion and dismissed the matter for lack of jurisdiction on February 19, 2015. (Doc. # 180.)

Defendant moved yet again for authorization to file a second or successive motion under 28 U.S.C. § 2255, which was denied by the Tenth Circuit on March 13, 2015. (Doc. # 184.)

On May 12, 2016, Defendant filed, through counsel, a motion for permission to file a second or successive habeas petition under § 2255 so that he may assert a claim for relief based on *Johnson v. United States,* 135 S. Ct. 2551 (2015). (*See* Doc. # 190.) The Tenth Circuit granted the motion. (Doc. # 191.) On May 18, 2016, Defendant filed the § 2255 motion (Doc. # 192), and on June 9, 2016, he filed an amended § 2255 (Doc. # 198). The Court denied the § 2255 motion and amended § 2255 motion on March 31, 2017. (Doc. # 204.)

On July 31, 2019, Defendant filed a Motion for Reduced Sentence Pursuant to the First Step Act or 18 U.S.C. § 3582(c)(2). (Doc. # 208.) The Court denied the motion on November 7, 2019. (Doc. # 214.)

Defendant filed the instant motion to vacate under 28 U.S.C. § 2255 and supporting brief on February 12, 2020. (*See* Doc. # 215 and Doc. # 216.) He asserts

that the warrantless search of his home violated the Colorado Constitution as well as the Fourth, Fifth and Sixth Amendments of the United States Constitution based on *People v. McCollough*, 6 P.3d 774 (Colo. 2000) and *Samson v. California*, 547 U.S. 843 (2005). (*See* Doc. # 216.)

## II. DISCUSSION

The Court must construe the § 2255 Motion liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Because Defendant filed a prior § 2255 motion that was denied on the merits, the instant § 2255 motion is a second or successive motion. Pursuant to § 2255(h) and 28 U.S.C. § 2244(b)(3), Defendant must obtain an order from the Tenth Circuit authorizing this Court to consider it. *See In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (per curiam). Absent such authorization, the district court lacks jurisdiction to consider the merits of the § 2255 motion. *See id.* at 1251.

Defendant does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2255 motion. Therefore, the Court must either dismiss the § 2255 motion for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See id.* at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged

5

>are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252. In order to present a meritorious successive claim, a federal prisoner must demonstrate the claim is based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

Defendant fails to demonstrate that he is raising a claim based on newly discovered evidence pursuant to § 2255(h)(1) or a claim pursuant to a new and retroactive rule of constitutional law under § 2255(h)(2). Because Defendant does not allege "newly discovered evidence", the claim does not fall within § 2255(h)(1). *See United States v. Maravilla*, 566 F. App'x 704, (10th Cir. 2014) (explaining that § 2255(h)(1) requires new evidence of actual factual innocence). Further, Defendant does not allege "a new rule of constitutional law" made retroactive by the United States Supreme Court, and thus, does not satisfy § 2255(h)(2).

The Court finds that a transfer is not in the interest of justice because Defendant fails to demonstrate that the claim which he seeks to assert is meritorious. *See In re Cline*, 531 F.3d at 1252. Thus, the § 2255 motion will be dismissed for lack of

jurisdiction.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court denies a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Defendant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within 30 days in accordance with Fed. R. App. P. 24.

### III.  CONCLUSION

Based on the foregoing, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 215) is DISMISSED for lack of jurisdiction. Further, under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts,

a certificate of appealability is DENIED. And finally, leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED February 19, 2020.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge